09-1403-cr
United States v. Holland

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand ten.

PRESENT:   PIERRE N. LEVAL,
           GERARD E. LYNCH,
                     *Circuit Judges*,
           EDWARD R. KORMAN,
                     *District Judge.*[*]

------------------------------------------------------------------

UNITED STATES OF AMERICA,
                     *Appellee*,

          v.                                         No. 09-1403-cr

JAMES A. HOLLAND,
                     *Defendant-Appellant.*

------------------------------------------------------------------

FOR APPELLANT:        GASPAR M. CASTILLO, JR., Parker & Castillo, Albany, New York.

---

[*] The Honorable Edward R. Korman of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEE: GWENDOLYN CARROLL, Assistant United States Attorney (Grant C. Jaquith and Elizabeth S. Riker, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York..

Appeal from the United States District Court for the Northern District of New York (Frederick J. Scullin, *Senior Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the sentence, entered on March 27, 2009, is AFFIRMED.

James A. Holland pled guilty to failing to maintain medical records in violation of 21 U.S.C. §§ 331(e), 333(a)(1). At sentencing, the district court ordered, inter alia, restitution in the amount of $502,925.05. Holland now appeals that restitution order, asking us to vacate and remand for further proceedings on the proper amount of restitution owed. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Because Holland failed to properly contest the amount of restitution in the district court, despite several opportunities to do so, we review the order of restitution only for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Coriaty, 300 F.3d 244, 252 (2d Cir. 2002). Holland contends that he preserved the issue for appeal by filing both a written objection to the probation officer's recommendation regarding restitution and a letter to the court raising restitution claims in advance of the sentencing hearing. However, when the court subsequently omitted restitution from the list of issues to be resolved at the sentencing hearing, Holland did not object to the proposed scope of

that hearing. At the hearing itself, he neither raised the issue of restitution nor sought to introduce relevant evidence. Finally, Holland did not object to the order of restitution at the time it was entered. By repeatedly failing to properly contest restitution below, Holland forfeited his right to appeal from the district court's order of restitution, at least absent plain error. United States v. Caba, 955 F.2d 182, 187 (2d Cir. 1992) ("[A]ppellants may not seek a remand from this court on a factual issue that could have been presented to the sentencing judge for consideration.").

At any rate, we find no error, let alone plain error, in the district court's ruling. First, Holland argues that restitution was improper because "the companies in question did not suffer a loss," since they have successfully marketed the drugs involved in Holland's studies. This argument misses the mark, however, because the companies did, in fact, suffer a loss of $502,925.05 on drug surveys that Holland's violation rendered unusable.

Second, Holland argues that it was "unfair" to require him to pay restitution because he was never personally compensated for the drug studies in question. Restitution, however, is measured not by the perpetrator's profits, but by the victims' loss, which in cases of damaged or lost property is determined by the "value of the property" lost or damaged. 18 U.S.C. § 3663(b)(1); United States v. Milstein, 481 F.3d 132, 137 (2d Cir. 2007) ("restitution may be awarded in an amount equal to the value of the property" (internal quotation marks omitted)); see also 18 U.S.C. § 3663(a)(1)(B)(i)(I) ("The court, in determining whether to order restitution under this section, shall consider

3

the amount of the loss sustained by each victim as a result of the offense . . . ."); cf. Id. at § 3663(b)(2) (providing that in personal injury cases restitution is measured by "the cost of necessary medical and related professional services and devices"); United States v. Klein, 476 F.3d 111, 114 (2d Cir. 2007) ("co-defendants may be proportionally or jointly and severally liable for restitution when they are all culpable"). The fact that Holland was never personally compensated by the drug companies is therefore of little relevance.

Third, Holland argues that because at least one of the drug companies, Aventis Pharmaceuticals, Inc., "had an opportunity to prevent any claimed losses and failed to do so," that provided a "basis for mitigation of the amount of restitution to be paid." Other circuits have held that when considering restitution, a district court is not required "to offset losses by amounts that could have been avoided through proper mitigation." United States v. Williams, 292 F.3d 681, 688 n.3 (10th Cir. 2002) (internal quotation marks omitted); see also United States v. Soderling, 970 F.2d 529, 534 n.10 (9th Cir. 1992) (same). This case does not require us to decide whether we agree with this broad statement. Holland does not argue that Aventis should have mitigated losses in the sense of taking steps to reduce damages for a known breach of duty. Instead, Holland essentially argues that Aventis was negligent in not detecting his criminal conduct sooner than it did. But an innocent crime victim has no duty to detect a crime being perpetrated against it. See United States v. Thomas, 377 F.3d 232, 243 (2d Cir. 2004) (collecting and endorsing cases holding that victim's negligence in failing to discover crime perpetrated against it is no defense to criminal conduct); see also United States v. Berman, 21 F.3d

4

753, 757 (7th Cir. 1994) (Posner, J.) ("[E]ven if the [victim] was negligent, it would be entitled to restitution from a deliberate wrongdoer; contributory negligence is not a defense to fraud."). Thus, any opportunity Aventis might have had to "mitigate" losses by detecting Holland's violation sooner is irrelevant to the order of restitution.

Finally, the plea agreement and the presentence report ("PSR") stated that the district court was required to order restitution under the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A. That was erroneous; the MVRA does not cover Holland's 21 U.S.C. § 331 offense. Id. at § 3663A(c)(1)(A). Holland did not object to this error at sentencing, nor did he raise the issue in his brief to this Court. However, the government noted the mistake in its brief. At oral argument, for the first time, Holland argued that the error in the plea agreement and PSR require us to vacate and remand the restitution order. We review this argument too for plain error, Olano, 507 U.S. at 732; Coriaty, 300 F.3d at 252, and identify none.

First, although the MVRA did not provide authority for the district court to order restitution, 18 U.S.C. § 3563 did. See 18 U.S.C. § 3563(b)(2); United States v. Bok, 156 F.3d 157, 166-67 (2d Cir. 1998). Second, there is no indication that the district court was misled by the plea agreement or the PSR. The district court never stated that it relied on the MVRA to impose restitution, nor did it otherwise indicate a belief that restitution was mandatory. Third, even assuming the district court believed restitution was mandatory, nothing in the record suggests that the district court was disinclined to order restitution or would have declined to order full restitution as a matter of discretion. Fourth, the only

5

arguments that Holland made to the district court against a restitution award are the meritless arguments that we have addressed and rejected above, and Holland does not suggest to this Court any additional argument that he would have made to the district court had the plea agreement or PSR correctly stated that restitution was discretionary.

Accordingly, we find no plain error in the restitution award.  The sentence is therefore AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court